**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**HOWARD FROMER,**

                **Plaintiff,**

                v.

**PUBLIC SERVICE ENTERPRISE**
**GROUP INCORPORATED et al.,**

                **Defendants.**
_____

**1:20-cv-963**
**(GLS/CFH)**

**APPEARANCES:**          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Gleason Dunn Walsh & O'Shea     RONALD G. DUNN, ESQ.
40 Beaver Street                    NANCY S. WILLIAMSON, ESQ.
Albany, NY 12207

**FOR THE DEFENDANTS:**     DAVID B. LICHTENBERG, ESQ.
Fisher, Phillips Law Firm
430 Mountain Avenue
Murray Hill, NJ 07974

PSEG Services Corp            SUSAN SZAFRANSKI, ESQ.
80 Park Plaza
Newark, NJ 07102

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Howard Fromer brings this action against defendants Public Service Enterprise Group Incorporated (PSEG), PSEG Power LLC (hereinafter "PSEG Power"), and PSEG Energy Resources & Trade LLC (hereinafter "PSEG ER&T") alleging a violation of the Employee Retirement Income Security Act of 1974[1] (ERISA).  (Compl., Dkt. No. 1.)  Pending is defendants' motion to dismiss.  (Dkt. No. 11.)  For the reasons that follow, defendants' motion is denied.

## II.  **Background**[2]

Fromer was employed by PSEG for eighteen years as Director, Market Policy at New York State Independent System Operator (NYISO).  (Compl. ¶ 19.)  In this role, "virtually all" of Fromer's work was performed from his office in Albany, New York.  (*Id.* ¶ 20.)  In April 2020, he was informed of a corporate reorganization, and that his position was going to be eliminated.  (*Id.* ¶¶ 21-23.)  Fromer was offered a different position, "PJM Strategy Manager," which would require "virtually all" duties to be performed outside the State of New York, including meetings every other

---

[1]  *See* 29 U.S.C. §§ 1001-191c.

[2]  The facts are drawn from Fromer's complaint, (Dkt. No. 1), and presented in the light most favorable to him.

week in Valley Forge, Pennsylvania, and spending "significant time" at defendants' headquarters in Newark, New Jersey.  (*Id.* ¶¶ 24-28.)

Fromer declined the offer due to the "significant differences" between his old position and the new position, as well as "the extensive travel and time away from home the new job would require."  (*Id.* ¶ 31.)  In declining the offer, Fromer requested severance benefits pursuant to the terms of the PSEG Separation Allowance Plan for Non-Represented Employees (hereinafter "the Plan").  (*Id.* ¶¶ 1, 31.)

Section 4.1 of the Plan provides that, in order to receive separation pay, an employee must be "involuntarily terminated by an Employer for . . . (b) A reorganization of the Employer (as determined by the Plan Administrator)," and that an employee is eligible for severance benefits when the "[c]essation of employment is in connection with a reduction in force or Employer reorganization . . . where the only position offered to the Eligible Employee within the Company and Affiliates (i) would require the Eligible Employee to increase their one-way commuting distance by more than 50 miles."  (*Id.* ¶¶ 38-39.)

The Plan Administrator denied Fromer's request, reasoning that Fromer was not entitled to benefits because he had been offered the PJM

Strategy Manager position and thus, his grade level, reporting location, and commuting distance did not change.  (*Id.* ¶¶ 32-33.)  Specifically, the letter explained that Fromer's "reporting location will not change; [he] will continue to work from home," and, thus, his "commuting distance would not have changed."  (*Id.* ¶ 33.)  It additionally noted that, although Fromer "would have been required to be present for certain PJM meetings," "[t]ravel to these meetings is not considered commuting, but rather business travel for which [he] would have been reimbursed."  (*Id.*)

Fromer appealed the decision, which was denied, because, according to the Plan Administrator, Fromer's "principal work location was not changing from [his] home," and thus, his commuting distance did not change, and his grade level stayed the same with the PJM Strategy Manager position.  (*Id.* ¶¶ 35-36.)

## V.  <u>Standard of Review</u>

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here.  For a full discussion of the governing standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

## IV.  <u>Discussion</u>

In support of their motion, defendants argue that Fromer has failed to state a claim under section 502(a)(1)(B) of ERISA because an arbitrary and capricious standard is applicable to the Plan Administrator's decision that Fromer was not entitled to severance benefits, and that such decision should be upheld because it was reasonable and based on the terms of the Plan.  (Dkt. No. 11, Attach. 1 at 4-7.)  In response, Fromer contends that, regardless of the standard of review, defendants' motion should be denied because he has stated a claim by alleging: his position was eliminated; he was not offered a comparable position; he has a right to severance benefits; he requested, and was denied, severance benefits; and he exhausted his administrative remedies.  (Dkt. No. 14 at 9-13.)

ERISA section 502(a), codified at 29 U.S.C. § 1132(a), permits a beneficiary of an employment benefit plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  "To maintain a claim pursuant to ERISA § 502(a)(1)(B), a plaintiff must demonstrate that the employee benefit plan in question is a plan covered by ERISA, that he is a participant in or beneficiary of the plan, and that he exhausted administrative remedies." *Pelosi v. Schwab Cap. Markets, L.P.*, 462 F.

5

Supp. 2d 503, 509 (S.D.N.Y. 2006) (citation omitted).

Generally, an administrator's decision to deny benefits is reviewed *de novo*. *See Zeuner v. Suntrust Bank Inc.*, 181 F. Supp. 3d 214, 219 (S.D.N.Y. 2016). However, "where . . . written plan documents confer upon a plan administrator the discretionary authority to determine eligibility, [the Court] will not disturb the administrator's ultimate conclusion unless it is arbitrary and capricious." *Id.* (quoting *Hobson v. Metro. Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009)).

"In some situations, a complaint purporting to state a claim under § 502(a)(1)(B) may be dismissed at the pleadings stage on a Rule 12(b) motion when the court finds that the defendant's interpretation of a plan term was 'reasonable' and therefore must be upheld under the arbitrary and capricious standard." *Harrison v. Metro. Life Ins. Co.*, 417 F. Supp. 2d 424, 437-38 (S.D.N.Y. 2006) (citation omitted). However, ruling on the reasonableness of a plan administrator's decision, regardless of the standard of review the court may utilize at a later date, may be premature on a motion to dismiss where the plaintiff pleads facts that allow the court to draw a reasonable inference that the defendant violated the plan. *See, e.g., Zeuner*, 181 F. Supp. 3d at 220 ("Although much of the authority

in this area was developed at the summary judgment stage, dismissal under Fed. R. Civ. P. 12(b)(6) is nevertheless appropriate where the complaint fails to state a plausible claim for relief." (citations omitted)); *Harrison*, 417 F. Supp. 2d at 437 ("The Court concludes, however, that it would be premature to rule on whether the Defendants' interpretation of [a plan term] was 'reasonable' at this stage of this proceeding."); *Connell v. Guardian Life Ins. Co. of America Severance Plan*, No. 02 Civ. 7522, 2003 WL 21459563, at *2 (S.D.N.Y. June 24, 2003) ("[W]hat standard of review to apply will be determined after discovery.").

A review of the Plan confirms that the Plan Administrator had discretionary authority under the Plan. Specifically, Section 3.4 of the Plan provides that "[t]he Plan Adminstrator shall have the sole discretion to determine eligibility for benefits under the Plan." (Dkt. No. 1, Attach. 1 at 5.) Nonetheless, Fromer has adequately pleaded the existence of an ERISA plan; that he was a beneficiary under the Plan; that defendants denied him severance benefits; and that this denial violated ERISA. *See Pelosi*, 462 F. Supp. 2d at 510 ("However, even if the Court were to conclude that the Plan administrator's determination that [the plaintiff] was not eligible for severance benefits should be reviewed under the more

7

deferential arbitrary and capricious standard, as discussed below, [the plaintiff] sufficiently states a claim under ERISA § 502(a)(1)(B).").

Specifically, Fromer alleges that he is an "Eligible Employee" and "Participant" as defined in the Plan "because he was involuntarily terminated from employment as a result of the Company's 'reorganization'"; he applied for, and was denied, severance benefits; he has exhausted his administrative remedies; he is entitled to severance benefits under the Plan because his termination "was made in connection with a corporate reorganization whereby [his] position was eliminated"; he is entitled to thirty-six weeks of severance pay based on his eighteen years of service with the company; and the denial of his appeal on the basis that the company's offer of a new position did not increase Fromer's commuting distance by more than fifty miles is inconsistent with the company's representations made to Fromer, as well as the requirements of the new position, and the administrative record.  (Compl. ¶¶ 50-51, 54-56, 59-60.)

To the extent that defendants argue that Fromer's position would include remote work, and that "no one knows what businesses, let alone everyday life, will be like when the pandemic is finally over, but what we do know [is] that many more meetings will be virtual and far fewer

8

face-to-face," (Dkt. No. 15 at 6-7), such argument is unavailing at this stage, and invites the court to look outside the appropriate scope of a Rule 12 motion.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that the parties contact Magistrate Judge Christian F. Hummel to schedule further proceedings; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

May 6, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge