UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HOWARD FROMER,

            Plaintiff,

 - against -

PUBLIC SERVICE ENTERPRISE GROUP INCORPORATED
("PSEG"), PSEG POWER LLC ("PSEG POWER") AND
PSEG ENERGY RESOURCES & TRADE LLC ("PSEG ER&T")
AS EMPLOYER, SPONSOR AND PLAN ADMINISTRATOR
FOR THE PUBLIC SERVICE ENTERPRISE GROUP
INCORPORATED SEPARATION ALLOWANCE PLAN
FOR NON-REPRESENTED EMPLOYEES,

            Defendants.

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

1:20-cv-00963 (GLS/CFH)

---

            **GLEASON, DUNN, WALSH & O'SHEA**
            *Attorneys for Plaintiff Howard Fromer*
            40 Beaver Street
            Albany, New York 12207
            (518) 432-7511
            rdunn@gdwo.net
            nwilliamson@gdwo.net

*Of Counsel*
Ronald G. Dunn, Esq.
Nancy S. Williamson, Esq.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS .........................................................................................................2

LEGAL ARGUMENT – THE PLAN ADMINISTRATOR'S DECISION
TO DENY PLAINTIFF'S SEVERANCE BENEFITS WAS ARBITRARY
AND CAPRICIOUS AND ERRONEOUS AS A MATTER OF LAW .........................................4

CONCLUSION .........................................................................................................................10

## TABLE OF AUTHORITIES

Babino v. Gesualdi, 278 F.Supp.3d 562, 586 (E.D.N.Y. 2017) .......................................................5

Cohen v. Liberty Mutual Group, Inc., 380 F.Supp.3d 363, 384 (S.D.N.Y. 2019) .......................... 5

Delprado v. Sedgwick Claims Management Services,
   Civ. No. 1:12-cv-673 (LEK/RFT), 2013 WL 12174051
   at *1 (N.D.N.Y. October 22, 2013) ...........................................................................................5

Graham Engineering Corp. v. Adair, No. 16-cv-2521,
   2021 WL 9204331 (M.D. Pa. Feb. 10, 2021) ........................................................................... 9

Jordan v. Retirement Comm. of Rensselaer Polytechnic Inst.,
   46 F.3d 1264, 1271 (2d Cir. 1995) ........................................................................................4, 5

Mayers v. Emigrant Bancorp, Inc., 796 F.Supp.2d 434 (S.D.N.Y. 2011).......................................5

Miller v. United Welfare Fund, 72 F.3d 1066, 1071, 1072 (2d Cir. 1995) .................................4, 8

Roganti v. Metropolitan Life Ins. Co., 786 F.3d 201, 213 (2d Cir.2015) .......................................5

Zuckerbrod v. Phoenix Mut. Life Ins. Co., 78 F.3d 46, fn4 (2d Cir. 1996) ....................................8

**PRELIMINARY STATEMENT**

This Memorandum of Law is respectfully submitted on behalf of plaintiff Howard Fromer ("Plaintiff" or "Mr. Fromer") and in opposition to the Defendants' motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

There is only one question in this case. Would Mr. Fromer's commute have increased by more than 50 miles if he accepted a new position as the PJM Strategy Manager working for defendants? The clear and simple answer to that question is yes. However, the Plan Administrator acted arbitrarily and capriciously, and its decision was erroneous as a matter of law, by determining that the answer to the question is no. The information provided by Defendants in their memorandum of law demonstrates that the Plan Administrator was provided with erroneous information and that their decision was based upon that erroneous information. Simply put, Mr. Fromer did not work from home. He worked from an office in Albany, New York, that was paid for by Defendants, pursuant to a lease signed by Defendants, so he could be close to the New York Independent System Operator ("NYISO"), and the governmental entities, individuals and offices he interacted with on a daily basis. If he had accepted the position of PJM Strategy Manager for the PJM region, which is comprised of thirteen states stretching from New Jersey to Illinois, and the District of Columbia, Mr. Fromer's job responsibilities and duties would have required him to work closely with the PM and government entities, individuals and offices in that assigned region, just as he did as the Director, Market Policy-NYISO for New York.

Further, Mr. Fromer was explicitly told that he would need to spend "three to four nights every other week" in Valley Forge, Pennsylvania, where PJM is located. He would also have needed to spend far more time in Newark, New Jersey meeting with other divisions of the Company coordinating his PJM advocacy than was ever required while he was employed as the

1

Director, Market Policy-NYISO. While there was a strong business reason for the NYISO Market Policy job to be located in Albany, NY, there was no business reason for the PJM Market Policy position to be in Albany, NY, hundreds of miles away from where he would be actually spending his time. In fact, every Director, Market Policy for PJM had always been required to work out of the Company's headquarters in Newark, NJ. Thus, the required regular travel to any of the locations within the PJM region would have increased Mr. Fromer's commute by more than 50 miles.

For the reasons set forth herein, and in the accompanying Second Affidavit of Howard Fromer, sworn to January 27, 2023 ("Fromer Aff. 2"), as well as all the materials submitted in support of Plaintiff's motion for summary judgment, Plaintiff respectfully requests that this Court deny Defendants' motion for summary judgment and issue an Order granting judgment for Plaintiff against Defendants for an amount equaling the value of separation pay benefits owed to Plaintiff, plus prejudgment interest, and the reasonable attorney's fees, costs, expenses, and disbursements of this action to be determined by the Court, with such other and further relief as the Court may deem just and proper.

## STATEMENT OF FACTS

The facts of this matter are provided in in Plaintiff's Statement of Material Facts ("Fromer SMF") and Memorandum of Law in Support of his Motion for Summary Judgment. Those facts will not be repeated herein. However, additional facts are as follows.

Mr. Fromer was employed by PSEG ER&T as the Director, Market Policy – NYISO (i.e., New York Independent System Operator) for over eighteen years, from December 24, 2001 until his position was eliminated, effective May 4, 2020 (Fromer Aff. 1, ¶4; Fromer Aff. 2, ¶3; Fromer SMF ¶¶ 28-30). Mr. Fromer worked from an office located at 130 Washington Avenue in the City

2

of Albany, New York (Fromer Aff. 1, ¶11; Fromer Aff. 2, ¶5). This location was key because Mr. Fromer spent well over one hundred days attending and actively participating in meetings with the NYISO and other stakeholders (Fromer Aff. 2, ¶16). When not attending such meetings, Mr. Fromer attending other meetings or had appointments with other individuals involved in New York State government and the industry on behalf of PSEG (Fromer Aff. 2, ¶19).

PS&G entered into leases for the office space that was utilized by Mr. Fromer for virtually his entire career with PSEG (Fromer Aff. 2, ¶7). Initially, PSE&G subleased the office space from the Food Industry Alliance of New York State, Inc., starting on January 1, 2002 (Fromer Aff. 2, ¶8). Subsequently, PSE&G leased the office space directly from the New York State Association of REALTORS®, Inc. ("NYSAR") (Fromer Aff. 2, ¶¶ 9-10). The final lease between PSE&G and NYSAR was terminated on June 30, 2020, effective ninety days thereafter pursuant to the terms of the lease (Fromer Aff. 2, ¶¶ 13-14).

Mr. Fromer's appeal to the Employee Benefits Committee clearly stated that Mr. Fromer worked "out of an office presence" that was "strategically located so [he] had immediate access to the New York State elected officials …" (Fromer SMF, ¶86; Complaint, Ex. F). However, the minutes from the Employee Benefits Committee indicate that the Committee was erroneously informed that Mr. Fromer "would continue to work from home" (Fromer SMF, ¶89; Williamson Aff., Ex. M). It further stated that "his reporting location would not change; he could continue to work from home" (id.).

3

## **LEGAL ARGUMENT**

## **THE PLAN ADMINISTRATOR'S DECISION TO DENY PLAINTIFF'S SEVERANCE BENEFITS WAS ARBITRARY AND CAPRICIOUS AND ERRONEOUS AS A MATTER OF LAW**

For all the reasons provided in Plaintiff's memorandum of law in support of his motion for summary judgment, the Plan Administrator's decision to deny Plaintiff's severance benefits was arbitrary and capricious and erroneous as a matter of law. Nothing within Defendant's motion for summary judgment changes this clear outcome.

In their memorandum of law, Defendants argue that the Plan Administrator's decision was not arbitrary and capricious because (1) the review of this matter is limited to the administrative record, (2) the Plan Administrator's interpretation of the word "commute" was not unreasonable, and (3) there is no dispute that Plaintiff would continue to work from his home. This argument is flawed and further supports Plaintiff's contention that the Plan Administrator's determination was arbitrary and capricious because the Plan Administrator (i.e., the Employee Benefits Committee) did not have all of the applicable evidence to make an accurate decision.

"In reviewing the administrator's decision deferentially, a district court must consider 'whether the decision was based on a consideration of the relevant factors'" (Miller, at 1072; quoting Jordan v. Retirement Comm. of Rensselaer Polytechnic Inst., 46 F.3d 1264, 1271 (2d Cir.1995) (quotations omitted)])."[I]f there has been a clear error in judgment, that is, if the decision was 'without reason, unsupported by substantial evidence or erroneous as a matter of law," such decision will be determined to be arbitrary and capricious (Miller v. United Welfare Fund, 72 F.3d 1066, 1072 [2d Cir. 1995] [internal citations and quotations omitted]).

Following a determination that the Plan Administrator's decision was not supported by the substantial evidence, or where an administrative record is incomplete, the Court "must remand to

4

the Trustees with instructions to consider additional evidence unless no new evidence could produce a reasonable conclusion permitting denial of the claim or remand would otherwise be a 'useless formality.'" (Miller at 1071). Further, "[i]f the record is underdeveloped, administrators may have to make a 'reasonable effort' to further develop the record" (Cohen v. Liberty Mutual Group Inc., 380 F.Supp.3d 363, 384 [S.D.N.Y. 2019], quoting, Roganti v. Metropolitan Life Ins. Co., 786 F.3d 201, 213 [2d Cir. 2015]).

Further, even though a Court ordinarily is limited to reviewing an administrative record, "evidence outside of the administrative record can be reviewed where the Plaintiff establishes good cause" (Babino v. Gesualdi, 278 F.Supp.3d 562, 586 [E.D.N.Y. 2017]; see also, Mayers v. Emigrant Bancorp, Inc., 796 F.Supp.2d 434 [S.D.N.Y. 2011] [holding that a plan administrator's decision to deny severance benefits was arbitrary and capricious because the committee did not "take into account evidence" necessary to make the determination]; Roganti, supra, 786 F.3d at 213 [holding, "it may be arbitrary and capricious for the administrator to reject a claimant's evidence as inadequate without making a reasonable effort to develop the record further"]; Delprado v. Sedgwick Claims Management Services, Civ. No. 1:12-CV-673 (LEK/RFT), 2013 WL 12174051, at *1 [N.D.N.Y. October 22, 2013] [confirming that "federal district courts have permitted discovery in ERISA cases to assist the courts in determining whether the plan administrator's or fiduciary's 'decision was based upon a consideration of the relevant factors and whether there has been a clear error of judgment'"] [quoting, Jordan v. Ret. Comm. of Rensselaer Polytechnic Inst., 46 F.3d 1264, 1271 (2d Cir. 1995)]).

In this matter, the Plan Administrator did not consider all of the substantial evidence or make any effort to supplement the incomplete record. Instead, the Employee Benefits Committee relied solely upon the minimal and incorrect information provided to it. For example, Defendants

incorrectly state throughout their Memorandum of Law that Plaintiff worked from his home. However, that is simply untrue. Plaintiff worked from an office strategically located in Albany, New York, in very close proximity to all of his stakeholders, including the NYISO, Governor's Office, New York State Legislator, and Public Service Commission (Fromer Aff. 2, ¶20). Even though Defendants were aware of this because PSE&G signed and paid for the office lease, and because Plaintiff stated such in his appeal, the information presented to the Employee Benefits Committee about his work location was clearly erroneous (Fromer Aff. 2, ¶¶ 7-14, Ex. 3, 4, 5, 6). This error is represented through the minutes from the Employee Benefits Committee meeting and in the letter from Ms. Szafranski when Plaintiff's appeal was denied (Fromer SMF ¶¶ 89-91, Williamson Aff., Ex. M; Complaint, ¶36, Ex. G).

However, regardless of whether Plaintiff worked from his home in Albany, New York or from the PSEG leased office in Albany, New York, the Employee Benefits Committee did not consider why Plaintiff's work location was in Albany, New York. Virtually all of Plaintiff's work required him to be physically present in New York because he had regular meetings with New York State based regulators, licensing officials, utilities, lobbyists and other entities and individuals involved in the wholesale electricity market (Fromer Aff. 2, ¶4). In fact, in one year, Plaintiff would have over 130 meetings in person at NYISO—which was located just a few minutes' drive away from Plaintiff's office in Albany, New York (Fromer Aff. 1, ¶5; Fromer Aff. 2, ¶¶ 5, 17). This included committee meetings, standing working group meetings, and task force meetings—all of which were very important for PSEG's continued participation and growth in the NYISO market (Fromer Aff. 2 ¶17).

In addition to not being provided with the substantial evidence regarding the amount of time Plaintiff spent in meetings with the applicable stakeholders in New York, the Employee

Benefits Committee was not presented with information regarding how much time prior individuals who held comparable positions for the PJM region spent in Newark, New Jersey and Valley Forge, Pennsylvania (Fromer Aff. 1, ¶¶ 21-26; Phillips Aff., ¶¶ 9, 12, 17). This requirement is also noted throughout all of the job descriptions for the PJM positions, as provided in Plaintiff's memorandum of law in support of his motion for summary judgment (Williamson Aff., ¶ 7-9; Ex. D-K).

Again, Plaintiff's work location as the Director, Market Policy – NYISO was in Albany, New York because he needed to be physically present for meetings in Albany, New York where the New York State government and NYISO offices were located. In contract, there was absolutely no business reason for the PJM position to be located in Albany, New York. To properly meet his job duties and responsibilities as the PJM Strategy Manager, Plaintiff would have needed to be physically present at meetings in the PJM region which encompassed all or part of thirteen states (i.e., Delaware, Illinois, Indiana, Kentucky, Maryland, Michigan, New Jersey, North Carolina, Ohio, Pennsylvania, Tennessee, Virginia, and West Virginia) and the District of Columbia, and at numerous meetings at the PSEG headquarters in Newark, New Jersey when not at PJM (Fromer Aff. 1, ¶¶ 15, 21). All of these locations are more than 50 miles from Plaintiff's home and the PSEG leased office space in Albany, New York.

Further, throughout Plaintiff's 18 year career with PSEG, he knew that all of the PJM Market Policy Directors were required to work out of PSEG's headquarters in Newark, New Jersey and frequently attend meetings in Valley Forge, Pennsylvania. As noted, both of these locations are more than 50 miles from Plaintiff's home and the PSEG leased office space in Albany, New York (Fromer Aff. 1, ¶¶ 21-26).

Clearly, the Employee Benefits Committee was not provided with the evidence needed to (1) fully review where Plaintiff would actually be working, regardless of what was listed as his official work location, and (2) whether or not he would be required to commute to locations within the PJM region. Thus, Defendant's claim that "[t]here is no way Plaintiff can show the EBC's interpretation of 'commuting' was unreasonable" is without merit and unsupported by the substantial evidence in this matter.

Moreover, the Employee Benefits Committee's focus on Plaintiff's "principal work location," and not on where he would actually be working, was fatally flawed (Fromer SMF ¶¶ 90-91). If this view is correct, Defendants could avoid any obligations under the Severance Plan by simply not changing an employee's "principal work location" regardless of where they were requiring the employee to be physically present to perform the requirements of their new job. In this case, while PSEG may not have required Plaintiff to "move" from Albany, New York, they were most certainly requiring him to commute more than 50 miles from Albany in order to perform the new PJM position that was offered.

Accordingly, at a minimum, this matter must be remanded to the Employee Benefits Committee for consideration of all substantial evidence (see Miller, supra, 72 F.3d at 1071). Alternatively, this Court should grant Plaintiff's motion for summary judgment because remanding the matter for another review by the Employee Benefits Committee would be a "useless formality" (see Miller, supra, 72 F.3d at 1071; Zuckerbrod v. Phoenix Mut. Life Ins. Co., 78 F.3d 46, fn4 [2d Cir. 1996] [determining it would be a "useless formality" to have the fiduciary further consider its decision "where the difficulty is not that the administrative record was incomplete, but that a denial of benefits based on the record was unreasonable"]). In this matter, any additional review by the Employee Benefits Committee would be a useless formality as it is clear that Plaintiff would have

8

been required to commute more than 50 miles from Albany, New York, and thus, is entitled to his severance benefits.

Finally, Defendants' reliance on Graham Engineering Corp. v. Adair, No. 16-CV-2521, 2021 WL 9204331 (M.D. Pa. Feb. 10, 2021) is misplaced. First, it is not binding on this court as it is from the Middle District of Pennsylvania and applies Rhode Island, Pennsylvania, and Delaware contract law and not ERISA. Since Plaintiff's entire claim was brought pursuant to ERISA, Graham is inapposite.

Second, in Graham, the plaintiff speculated regarding a potential need to move to a new work location even though he was told he would be able to work out of a satellite office. In the instant matter, Plaintiff was told that he could continue to work from his home (i.e., in Albany, New York), even though he would be required to attend regular and consistent in person meetings throughout the PJM region. In fact, Ms. Moskowitz's draft letter, which was sent to Plaintiff one day after he declined the PJM Strategy Manager position, stated that he would "be expected to be physically present at PJM meetings once in-person meetings resume" (Fromer SMF, ¶82; Complaint, ¶34, Ex. E). Based upon the statement made to Plaintiff on April 27, 2020 when he was informed his position was being eliminated that he would need to spend "three to four nights every other week" in Valley Forge, Pennsylvania, and the experience of both Plaintiff and Marjorie Rosenbluth Philips (who both held and supervised the PJM Market Policy position), Plaintiff knew that accepting the PJM Strategy Manager position would require a near constant physical presence in Newark, New Jersey; Valley Forge, Pennsylvania; and the other locations within the PJM region (Fromer SMF ¶¶ 70, 78; Fromer Aff. 1, ¶¶ 20-22; Complaint, Ex. C; Philips Aff., ¶¶ 8, 9, 12, 17).

Accordingly, Defendants' decision to deny Plaintiff his severance benefits was arbitrary and capricious and/or erroneous as a matter of law.

## CONCLUSION

For the reasons set forth herein, Defendant's motion for summary judgment should be denied, Plaintiff's motion for summary judgment should be granted, and Plaintiff should be awarded his severance benefits, plus prejudgment interest, and reasonable attorney's fees, costs, expenses and disbursements.

Dated: March 10, 2023
      Albany, New York

                                         **GLEASON, DUNN, WALSH & O'SHEA**

By: _/s/ Nancy S. Williamson_
                                           Nancy S. Williamson, Esq.
                                           (Bar Roll No. 702205)
                                           Ronald G. Dunn, Esq.
                                           (Bar Roll No. 101553)
                                           *Attorneys for Plaintiff*
                                           40 Beaver Street
                                           Albany, New York 12207
                                           Telephone: (518) 432-7511
                                           Fax: (518) 432-5221
                                           nwilliamson@gdwo.net
                                           rdunn@gdwo.net